**Ed ZIRNHELT, Plaintiff and Respondent,**

**v.**

**RANSOM COUNTY, a Municipal Corporation, Defendant and Appellant.**

**No. 8174.**

Supreme Court of North Dakota.

Oct. 27, 1965.

Holand & Stetson, Lisbon, for plaintiff and respondent.

Lowell O. Tjon, Lisbon, for defendant and appellant.

STRUTZ, Judge.

This is an action by the sheriff of Ransom County against the County for commissions allegedly due him for the collection of delinquent personal-property taxes. The plaintiff was appointed sheriff of the county on May 5, 1962, to fill the unexpired term of the duly elected and qualified sheriff, R. J. Hansen, who had drowned on the day of the appointment. Prior to his appointment as sheriff, the plaintiff had been acting as a deputy under the said R. J. Hansen.

At the time of the plaintiff's appointment. no mention was made by the commissioners or by the plaintiff as to salary or fees which which the plaintiff was to receive as sheriff. He was merely appointed to fill the unexpired term of his predecessor. The salary of the sheriff was fixed by statute. It also appears that, since 1947, it had been customary in Ransom County to pay the sheriff ten per cent of all delinquent personal-property taxes collected by him, where such taxes were delinquent for more than one year. These commissions were paid to the various sheriffs under the authority granted by Section 57–22–29, North Dakota Century Code. At the regular meeting of the Board of County Commissioners in June, July, and August of 1961, the board approved such ten per cent commissions on personal-property taxes collected by the plaintiff during the months of May, June, and July, 1961. On August 7, 1962, following the approval of the plaintiff's claim for commissions for the collection of such delinquent personal-property taxes during the month of July, the board passed a motion to the effect that the commissions allowed the sheriff for delinquent personal-property taxes would be discontinued as of that date. The plaintiff was notified of the action of the board. He continued, however, to collect delinquent personal-property taxes during the months of Au-

gust, September, October, and November, 1962, and to file a claim for ten per cent of the amount collected. These claims were rejected by the Board of County Commissioners, and the plaintiff brings this action on such claims.

From a judgment entered in the district court for the plaintiff, allowing his claims for commissions, the County has prosecuted this appeal, demanding a trial de novo.

The plaintiff's claim is based on the proposition that he was appointed to fill the unexpired term of his predecessor; that his appointment entitled him to the same salary and to all of the fees that such predecessor had been paid.

The salary of a county sheriff in North Dakota is fixed by law, and is dependent upon the population of the county. Sec. 11–10–10, Subsecs. 1 and 2, N.D.C.C.

The law further provides that the salaries fixed by law shall be the full compensation for county officers, and that all fees and compensation received by any official for any act or service rendered in his official capacity shall be accounted for and paid over monthly to the county treasurer and shall be credited to the general fund of the county, "except that such official, * * shall be entitled to retain such fees as now are allowed to him and permitted by law or as may be hereafter permitted and allowed." Sec. 11–10–14, N.D.C.C.

The collection of delinquent personal-property taxes is one of the official and regular duties of the sheriff of the county. Sec. 57–22–03, N.D.C.C. Since these taxes, however, have not always been collected by the sheriffs without considerable effort, the Legislature has provided that the board of county commissioners may contract with the sheriff of the county, or with any elector of the county, to pay a percentage of such delinquent personal-property taxes, not exceeding ten per cent of the amount collected, as compensation for collecting the same, and that such sum shall be in addition to the compensation provided by law for the sheriff. Sec. 57–22–29, N.D. C.C., as amended.

The record discloses that, on March 5, 1947, an agreement was entered into by the Board of County Commissioners of Ransom County with one A. P. Tiedeman, who then was the sheriff of the county, for the collection of delinquent personal-property taxes for a commission of ten per cent of the gross amount collected. A similar agreement was made with Sheriff Don Mann on February 8, 1950, and again on February 6, 1951; with Sheriff W. C. Noice on February 4, 1953, and again on July 2, 1957. No such agreement ever was made with R. J. Hansen, the plaintiff's predecessor, but the said R. J. Hansen nevertheless was paid a commission of ten per cent of the delinquent personal-property taxes which he collected. When the plaintiff was appointed sheriff on the death of Sheriff Hansen, the board appointed him "to fill out the unexpired term of R.. J. Hansen." No mention was made of any agreement for the payment of a commission for the collection of delinquent personal-property taxes.

The plaintiff, evidently assuming that he would be paid on the same basis as his predecessor for the collection of delinquent personal-property taxes, proceeded to make such collections and to put in claims for compensation on the collections made. For three months, the plaintiff's claims were approved and ordered paid by the Board of County Commissioners. Then, on August 7, 1962, the board took action "that the 10% commission allowed the Sheriff for collecting delinquent personal property taxes be discontinued as of this date." The plaintiff was advised of this action.

The question on this appeal, therefore, is whether the plaintiff is entitled to the commissions on all personal-property taxes collected during the term for which he was appointed, or whether the Board of County Commissioners had the power and the authority to terminate the payment of commissions for the collection of such

taxes, as the board attempted to do on August 7, 1962.

The trial court held for the plaintiff on the ground of an implied contract. He further pointed out that Section 84 of the North Dakota Constitution provides that the salaries of State officials shall "not be increased or diminished during the period for which they shall have been elected." He further pointed out that the Legislature made a similer provision for officers of cities, towns, and villages and provided that such officers "shall receive the salary, fees, or other compensation fixed by ordinance or resolution, and after having been once fixed, the same shall not be diminished to take effect during the term for which the officer was elected or appointed." Sec. 40-13-04, N.D.C.C. The court then held that the same protection should be given to county officials as a matter of public policy since they, too, are public officials in the same sense as are the State officials and city officials.

■ This might be a good argument to present to the Legislature for a similar law to protect county officers. But courts cannot legislate, no matter how desirable it might be for them to do so. This court, from early days of Statehood, has held that the power of the courts is limited to passing upon Acts of the Legislature, and, if the Legislature has failed to act, courts cannot supply the lapse. Merchants National Bank of Bismarck v. Braithwaite, 7 N.D. 358, 75 N.W. 244.

■ The people, by a constitutional provision, and by legislative enactment, specifically provided that salaries and fees of State officers and city, town, and village officers shall not be diminished during the term for which they were elected or appointed. They did not see fit to make similar provision for county officials. The courts cannot supply the lapse.

■■ The Legislature, in the statute here under consideration, gave to the boards of county commissioners the discretionary power to enter into agreements with the sheriffs to pay them a commission for collection of delinquent personal-property taxes. The collection of these taxes was a part of the official duties of the sheriff, and it was his duty to collect them without additional fees or commissions, where no agreement for additional compensation was entered into. However, if, in the discretion of a board of county commissioners, it was desirable that the sheriff be paid additional compensation in the form of a commission for the performance of such duties, the Legislature has made it discretionary with the board of county commissioners to enter into such an agreement. We believe that the power given to a board of county commissioners to enter into an agreement with the sheriff for the payment of commissions, for doing what it already was his official duty to do, carries with it the discretionary power to terminate such agreement and to discontinue the payment of such fees. Here, there never was an agreement or contract with the sheriff to pay such commissions for the collection of delinquent personal-property taxes. The sheriff was appointed to serve the unexpired term of his predecessor. In the absence of an agreement for the payment of a commission for such collections, we believe the commissioners could have refused to pay any commission for such collections. The fact that they did pay a commission for three months' collections did not take from them the authority to terminate such arrangement at any time they, in their discretion, saw fit to do so.

When the plaintiff's predecessor was elected sheriff, he was elected for a definite term and at a definite salary then fixed by law. The commissioners, in their discretion, were authorized to enter into an agreement with him for the collection of delinquent personal-property taxes. We believe that they also had the authority, at their discretion, to terminate such agreement, at which time the sheriff still would be enti-

tled to the salary provided for the office by law.

The trial court held that there was an implied contract. A contract is implied where a person performs services, furnishes property, or expends money for another, at such other's request, and there is no express agreement as to compensation. A promise to pay for the reasonable value of the services or property so furnished, or to reimburse for money so expended, may be implied where, and only where, the circumstances warrant such implication. The law would not imply a promise to pay for services which the law already requires of a sheriff as part of his official duties. Such additional compensation can be collected only where there is an agreement under the statute permitting such agreement.

Thus, for any delinquent personal-property taxes collected after the Board of County Commissioners had notified the plaintiff that he would not be paid for such additional collections, there could be no implied contract to pay. If the sheriff continued collecting such taxes after notice, it would be presumed that he was merely performing the duties which the statute required of him. However, if the sheriff incurred any actual expenses in the collection of such delinquent personal-property taxes which he would be authorized to collect from the County in the ordinary performance of his duties, he would be entitled to file claims for such additional expenses.

For reasons stated in this opinion, the judgment of the district court is reversed.

BURKE, C. J., and ERICKSTAD and TEIGEN, JJ., concur.

KNUDSON, J., not being a member of the Court at the time of submission of this case, did not participate.